# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * | * | |
| ALLISON COUNCIL and STEVEN | * | No. 13-276V |
| COUNCIL, Natural Parents and | * | Special Master Christian J. Moran |
| Guardians for A.C., a minor, | * | |
| | * | Filed: June 10, 2014 |
| Petitioners, | * | |
| | * | Decision on the record; insufficient |
| v. | * | proof of causation; diphtheria-tetanus |
| | * | ("DT") vaccine; inactivated polio |
| SECRETARY OF HEALTH | * | ("IPV") vaccine; pediatric |
| AND HUMAN SERVICES, | * | autoimmune neuropsychiatric |
| | * | disorders with streptococcal |
| Respondent. | * | infection ("PANDAS"). |
| * * * * * * * * * * * * * * * * * * * * * | * | |

Carol L. Gallagher, Linwood, NJ, for petitioners.
Gordon E. Shemin, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Allison and Steven Council filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 to—34 (2006), on April 19, 2013. Petitioners allege that the diphtheria-tetanus ("DT") and inactivated polio ("IPV") vaccines that their son, A.C., received on July 14, 2011, aggravated A.C.'s condition known as pediatric autoimmune neuropsychiatric disorders associated with streptococcal infection ("PANDAS"). The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa—12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I. Procedural History

In support of their April 19, 2013 petition, the Councils periodically filed several medical records (exhibits 2-14) and an affidavit supporting those records (exhibit 1), followed by a statement of completion on June 28, 2013. On July 29, 2013, respondent filed a status report on the completeness of petitioners' medical records requesting additional records. Petitioners filed additional records in response to respondent's request (exhibits 15-18), and a second statement of completion on September 13, 2013.

On November 8, 2013, respondent filed a Rule 4(c) report concluding that petitioners failed to fulfill the criteria for a Vaccine Table injury and failed to demonstrate by a preponderance of the evidence that A.C.'s PANDAS was aggravated by the DT and IPV vaccines received on July 14, 2011. Resp't's Rep., filed Nov. 8, 2014, at 7-8. In her report, respondent disputed as to whether PANDAS is a medically recognizable injury. Id. at 8. Respondent additionally argued that petitioners did not present evidence of the expected course of A.C.'s condition or a medical theory causally connecting any alleged flare-ups in his condition to the vaccines. Id. at 10-11.

A status conference was held on December 3, 2013, during which the parties agreed to discuss the possibility of settlement. On January 9, 2014, petitioners transmitted a settlement demand to respondent. See Pet'rs' Rep., filed Jan. 10, 2014. On February 3, 2014, respondent filed a status report indicating settlement was not feasible and recommending petitioners provide expert reports.

On February 25, 2014, petitioners sent all exhibits to their expert in pediatric neurology. On April 14, 2014, petitioners' expert advised that he was unable to conclude that the vaccines caused or aggravated A.C.'s PANDAS. Pet'rs' Mot., filed May 20, 2014, at ¶3-4.

On May 20, 2014, petitioners moved for a decision dismissing their petition. They noted that "to proceed further would be an unreasonable expenditure of additional resources that would be incurred by the parties and the Vaccine Program." Id. at ¶ 11. A status conference was held on June 5, 2014, to discuss petitioners' May 20, 2014 motion. During this conference, respondent confirmed that she did not intend to file a response. Accordingly, this case is now ready for adjudication.

**II.     Analysis**

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinee's vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1).  An examination of the record did not uncover any evidence that A.C. suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that A.C.'s condition was significantly aggravated by a vaccine.

Under the Act, petitioners may not be given a Program award based solely on the petitioners' claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa—13(a)(1).  In this case, because the medical records do not support the petitioners' claim, a medical opinion must be offered in support.  Mr. and Mrs. Council, however, have offered no such opinion.  Accordingly, it is clear from the record in this case that they have failed to demonstrate either that A.C. suffered a "Table Injury" or that A.C.'s injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master