# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |
| ALLISON COUNCIL and STEVEN | \* | No. 13-276V |
| COUNCIL, Natural Parents and | \* | Special Master Christian J. Moran |
| Guardians for A.C., a minor, | \* | |
| | \* | Filed: July 9, 2014 |
| Petitioners, | \* | |
| | \* | |
| v. | \* | |
| | \* | Attorneys' fees and costs; stipulation |
| SECRETARY OF HEALTH | \* | of fact; award in the amount to which |
| AND HUMAN SERVICES, | \* | respondent does not object. |
| | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |

<u>Carol L. Gallagher</u>, Linwood, NJ, for petitioners.
<u>Gordon E. Shemin</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## **UNPUBLISHED DECISION ON FEES AND COSTS**[1]

On June 23, 2014, respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioners informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioners' application, respondent raised objections to certain items. Based on subsequent discussions, petitioners amended their application to request $42,240.98, an amount to which respondent does not object. The Court awards this amount.

On April 19, 2013, Allison and Steven Council filed a petition for compensation alleging that the diphtheria-tetanus ("DT") and inactivated polio

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

("IPV") vaccines that their son, A.C., received on July 14, 2011, aggravated A.C.'s condition known as pediatric autoimmune neuropsychiatric disorders associated with streptococcal infection ("PANDAS").  On May 20, 2014, petitioners filed a motion for ruling on the record indicating that their expert was unable to conclude that the vaccines caused or aggravated A.C.'s PANDAS.  In this ruling, compensation was denied.  Decision, issued June 10, 2014.

Even though compensation was denied, petitioners who brings their petition in good faith and who have a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioners gathered and filed medical records, engaged in settlement discussions, attempted to obtain an expert report, and moved for a decision on the record when further investigation revealed that petitioners were unlikely to prove their case.  Thus, because petitioners' counsel acted in good faith and because there was a reasonable basis for proceeding, petitioners are eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioners failed to satisfy these criteria.

Petitioners seek a total of **$42,240.98** in attorneys' fees and costs for their counsel.  Additionally, in compliance with General Order No. 9, petitioners state that they incurred no out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.[1]

After reviewing the request, the Court awards the following:

a. **A lump sum of $42,240.98 in the form of a check made payable to petitioners and petitioners' attorney, Carol L. Gallagher, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

---

[1] During a status conference held on July 9, 2014, petitioners' attorney was instructed to counsel Dr. Adler to create more detailed invoices in the future, to include dates and more descriptions of the type of work performed.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master